**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4342**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

CHRISTOPHER ERICK HANEY,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:15-cr-00278-NCT-1)

Submitted: February 2, 2017　　　　Decided: July 21, 2017

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Eric L. Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Erick Haney appeals his conviction after a bench trial for possession of child pornography after a prior conviction for sexual abuse, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). At trial, the Government introduced evidence of Haney's 2005 North Carolina conviction for taking indecent liberties with a child, N.C. Gen. Stat. Ann. § 14-202.1 (2015). Over Haney's objection, the district court admitted the evidence, finding that the conviction was admissible under Fed. R. Evid. 414 and that, applying the five-factor test in United States v. Kelly, 510 F.3d 433 (4th Cir. 2007), the probative value of the prior conviction was not outweighed by a risk of unfair prejudice. The court found Haney guilty and sentenced him to 210 months in prison.

On appeal, Haney challenges the district court's decision to admit his prior conviction. "We review evidentiary rulings for abuse of discretion and will not reverse a district court's decision to admit prior acts evidence unless it was arbitrary or irrational." United States v. Faulls, 821 F.3d 502, 508 (4th Cir. 2016) (citation and internal quotation marks omitted). Additionally, we review evidentiary rulings for harmless error, which requires that we determine "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially

2

swayed by the error." United States v. Cloud, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks omitted); see Fed. R. Crim. P. 52(a).

When it comes to sexual offenses, "Rule 414 reflects Congress's view that . . . propensity evidence is typically relevant and probative." Kelly, 510 F.3d at 437 (internal quotation marks and footnote omitted). Although admission of evidence of prior child molestation is prejudicial, "it [is] prejudicial for the same reason it is probative — it tends to prove the defendant's propensity to molest . . . children." Id. at 438 (internal quotation marks and brackets omitted). Only if such evidence is unfairly prejudicial may it be excluded under Fed. R. Evid. 403. Id. at 437-38. In applying Rule 403's balancing test, a district court should consider the following factors: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." Id. at 437.

Our review of the record reveals that the district court committed no abuse of discretion in assessing the Kelly factors and admitting Haney's prior North Carolina conviction for taking indecent liberties with a child. Accordingly, we affirm the district court's judgment. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED